*FLOWER vs. O'CONNOR.*

APPEAL from the court of the third district, the judge of the second presiding.

MARTIN, J. delivered the opinion of the court. The plaintiff's and appellant's counsel, has drawn our attention to two bills of exceptions.

The first, is to the opinion of the judge *a quo*, who refused him leave to read to the jury, the petition of the defendant, to the court of probates, for admission as beneficiary heir to her son, the plaintiff's original debtor, with the authorisation of her husband.

The second, is to the charge of the judge, who instructed the jury, that an instrument, by which the defendant had approved an account of the plaintiff against the succession, and recognised him as creditor of a balance, was void, and that her subsequent acts were not binding on her, under the pleadings.

I. The defendant had pleaded her coverture, and sought thereby, to avoid the liability which the plaintiff contended she had incurred, by her acceptance, with the authoritation of her husband, of the succession of her son. To destroy the effect of this plea, was

*To repel the plea of coverture, the wife's petition to be admitted as heir, accompanied by the husband's authorization, is admisible evidence.*
*The property of the succession, when received by the wife, is paraphernal.*

the object of the plaintiff, and for this purpose, her petition to the court of probates, with the authorisation of her husband, was an admissible evidence. Of its effects, however, the jury, under the direction of the court, were the proper judges; we therefore think the inferior court erred, in rejecting the document.

II. The property of the succession, after it was duly accepted by the defendant, was in her hands, part of her paraphernal estate, which a wife may administer without the consent or interference of her husband; and in the administration of which, she needs not his authorisation. We therefore conclude the judge erred, in instructing the jury, that her approbation and liquidation of the account, are void.

The appellee's counsel has urged, that the subsequent *acts*, of which the charge speaks, and declares not to be binding upon her, under the pleadings, are *facts*, or omissions, from which the appellant's counsel infers, that the defendant became liable as absolute, or at least beneficiary, heir.

We cannot agree with the appellee's counsel, that the 983d article of the new code, refers to the *acts* mentioned in the third

paragraph of the preceding article, as evidence of a tacit acceptance of a succession. The collection of the actual debts of a succession, the sale of the goods, the payment of the passive debts are all *facts*, or *acts*, which may be given in evidence, to charge a party as heir, and show that he *tacitly* accepted the succession.

The 983d article, refers to *instruments* in written *acts*, which are stated in the second paragraph of the preceding article, as evidence of an *express* acceptance.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be anulled, avoided and reversed, the verdict set aside, and the case remanded for trial, with directions to the judge to permit the documents mentioned in the first bill of exceptions, to be read in evidence to the jury, and to conform himself in his charge, to what this court has expressed, on the second, and it is ordained that the appellee pay costs in this court.

*Watts* for the plaintiff, *Workman* for the defendant.